UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANA MOLINA,                                             Case No.

                           Plaintiff,

       -vs.-
                                                 **COMPLAINT**

EAST MIDTOWN LAUNDRY & CLEANER INC,
50TH STREET LAUNDRY & CLEANER, INC.,
and CHENG ZUAN SHI,

                        Defendants.
-------------------------------------------------------------X

      Plaintiff, ANA MOLINA, by and through her attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### *THE PARTIES*

      1.     Plaintiff ANA MOLINA, (hereinafter "Ms. Molina" or "Plaintiff Molina") is an individual residing in Queens, New York.

      2.     Upon information and belief, Defendant EAST MIDTOWN LAUNDRY & CLEANER INC, (hereinafter "East Midtown") was and is a domestic business corporation whose principal place of business is located 304 East 50th Street, New York, NY 10022.

      3.     Upon information and belief, Defendant 50TH STREET LAUNDRY & CLEANER, INC., (hereinafter "50th Street Laundry") was and is a domestic business corporation whose principal place of business is located 304 East 50th Street, New York, NY 10022.

4. Upon information and belief, Defendant CHENG ZUAN SHI, (hereinafter "Shi") is an individual, whose actual place of business is located at 304 East 50th Street, New York, NY 10022.

5. Upon information and belief, at all times herein pertinent, Defendant Shi, served as a principal, officer and/or manager of Defendant East Midtown and 50th Street Laundry.

6. Prior to the filing of this Complaint, Defendant Shi was served with a Notice pursuant to N.Y. Bus. Corp. Law § 630.

7. Upon information and belief, for the calendar year 2014 the gross receipts of East Midtown were not less than $500,000.00.

8. Upon information and belief, for the calendar year 2015 the gross receipts of East Midtown were not less than $500,000.00.

9. Upon information and belief, for the calendar year 2016 the gross receipts of East Midtown were not less than $500,000.00.

10. Upon information and belief, for the calendar year 2017 the gross receipts of East Midtown will not be less than $500,000.00.

11. Upon information and belief, for the calendar year 2014 the gross receipts of 50th Street Laundry were not less than $500,000.00.

12. Upon information and belief, for the calendar year 2015 the gross receipts of 50th Street Laundry were not less than $500,000.00.

13. Upon information and belief, for the calendar year 2016 the gross receipts of 50th Street Laundry were not less than $500,000.00.

14. Upon information and belief, for the calendar year 2017 the gross receipts of 50th Street Laundry will not be less than $500,000.00.

15. Upon information and belief, the two corporate defendants, East Midtown and 50th Street Laundry are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

16. Upon information and belief the defendant Shi owns the beneficial interest in the defendants East Midtown and 50th Street Laundry.

17. Upon information and belief, the defendant Shi conducts substantially all the management function of the defendants, East Midtown and 50th Street Laundry.

18. Upon information and belief, the aggregate gross receipts of East Midtown and 50th Street Laundry, exceeded $500,000.00 in each of the calendar years 2014 through 2017, inclusive.

19. East Midtown and 50th Street Laundry have the same owners and management, the individual defendant herein.

20. East Midtown and 50th Street Laundry have substantially all the same employees, including Plaintiff.

21. Upon information and belief, East Midtown and 50th Street Laundry jointly market their services.

## *JURISDICTION AND VENUE*

22. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

23. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

24. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

25. At all times herein pertinent, and in the course of her duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, clothes hangers, garment plastic wrap, bleach, detergent, irons and clothes bags.

26. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

27. East Midtown operates as a laundry and dry cleaner.

28. 50th Street Laundry operates as a laundry and dry cleaner.

29. Ms. Molina was employed by the Defendants beginning on or about June 25, 2014 and worked until on or about April 25, 2017.

30. Ms. Molina was assigned various duties including but not limited to washing clothes, ironing, folding, packaging and making local deliveries.

31. Ms. Molina worked Mondays from 7:30 AM until 7:00 PM and Tuesdays through Saturdays, Inclusive, from 8:00 AM until 6:00 PM.

32. Ms. Molina was compensated at a salary weekly rate of $380 until on or about June 1, 2015.

33. On or about June 2, 2015 Ms. Molina' weekly salary increased to $400 until on or about June 1, 2016.

34. On or about June 2, 2016 Ms. Molina received her last weekly salary increase to $420 per work week and remained until her termination.

35. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times her regular rate of pay for those hours.

36. Plaintiff did not receive the statutory minimum wage for all hours worked.

37. Defendants failed to pay Plaintiff spread of hours pay.

38. The Defendant Shi paid the plaintiff in cash.

39. Approximately six months after she was hired, Defendants required the Plaintiff to sign blank sheets of paper. When asked what these blank sheets of paper were for, Defendant Shi told Plaintiff, in sum and substance, not to worry about it.  Upon information and belief, these documents were later filled out by Defendants to show fewer hours and different pay rates than what Plaintiff actually worked and was paid.

40. Upon information and belief, Defendants Shi had the power to hire employees at East Midtown and 50th Street Laundry.

41. Defendant Shi hired Ms. Molina on or about June 25, 2014.

42. Upon information and belief, Defendants Shi had the power to fire employees at East Midtown and 50th Street Laundry.

43. Upon information and belief, Defendants Shi fired Ms. Molina on or about April 25, 2017.

44. Defendants Shi controlled the terms of the Plaintiff's employment in that she would tell the Plaintiff what tasks to complete and on what time frame they needed to be completed.

45. Upon information and belief, Defendants Shi controlled the work schedule of all of the employees of East Midtown and 50th Street Laundry, including the Plaintiff's work schedule.

46.     Upon information and belief, the Defendants Shi controlled the rates and methods of payment of each of the employees of East Midtown and 50th Street Laundry, including the Plaintiff's pay rates and methods of pay.

47.     At all times herein pertinent, the Plaintiff's performed her duties for Defendant East Midtown and 50th Street Laundry at the direction and under the control of Defendants Shi.

48.     Upon information and belief, and at all times herein pertinent, Defendants Shi exercised close control over the managerial operations of East Midtown and 50th Street Laundry, including the policies and practices concerning employees.

49.     At all times herein pertinent, Defendants Shi controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of East Midtown and 50th Street Laundry in general, and with respect to the Plaintiff in particular.

50.     At all times herein pertinent, Defendants Shi acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

51.     Defendants willfully violated both federal and state laws regarding tip-sharing.  As stated in more detail below, Defendants knowingly and willfully misappropriated and/or withheld Plaintiffs' tips, in direct contravention of the FLSA and New York Labor Law.

52. Defendants had a policy and practice wherein management would receive the gratuity from sales of pick up and drop off orders. Specifically, whenever a customer picked up clothing, and left any cash tips for the staff, this money was misappropriated by Defendants' manager.

53. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

54. Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

55. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

56. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

57. Defendants have failed to pay the proper statutory minimum wage to which she has been entitled under the FLSA.

58. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

59. Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

*AS AND FOR A SECOND CAUSE OF ACTION*
*FEDERAL FAIR LABOR STANDARDS ACT*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(OVERTIME)*

61. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

62. Defendants were required to directly pay the Plaintiffs an overtime premium of one and one half times the Plaintiffs regular rate of pay for all hours worked over forty (40) in a given workweek.

63. Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiff was entitled under the FLSA.

64. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

65. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

66. At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

67. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

68. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

69. Defendants have failed to pay the Plaintiff the proper minimum wages to which she was entitled under the New York Labor Law.

70. By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

72. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73. Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

74. Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations

by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS)*

75. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

77. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(TIP MISAPPROPRIATION)*

79. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. At all times herein pertinent, Plaintiff was an employee within the meaning of Article 6 NYLL §§190, et seq., and supporting New York State Department of Labor Regulations.

81. At all times herein pertinent, Defendants were employers within the meaning of Article 6 NYLL §§190, et seq., and supporting New York State Department of Labor Regulations.

82. The wage payment provisions of Article 6 of the NYLL and supporting New York State Department of Labor Regulations apply to the Defendants and protect the Plaintiff.

83. Defendants unlawfully retained the gratuities earned by the Plaintiff in violation of Article 6 NYLL § 196-d and supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

84. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

85. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

86. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A EIGHTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS*

87. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

88. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

89. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

　　a) awarding back pay for minimum wage due and owing to the Plaintiff;

　　b) awarding back pay for overtime pay due and owing to the Plaintiffs;

　　c) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiffs;

d) reimbursement of all misappropriated tips and other unlawful deductions;

e) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

f) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

h) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
September 1, 2017

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

Amit Kumar (AK0822)
*Attorneys for Plaintifs*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52944


To:

EAST MIDTOWN LAUNDRY & CLEANER INC
304 East 50th Street
New York, NY 10022

50TH STREET LAUNDRY & CLEANER, INC.
304 East 50th Street
New York, NY 10022

CHENG ZUAN SHI
304 East 50th Street
New York, NY 10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANA MOLINA,                                                      Case No.

                        Plaintiff,

    -vs.-

EAST MIDTOWN LAUNDRY & CLEANER INC,
50TH STREET LAUNDRY & CLEANER, INC.,
and CHENG ZUAN SHI,

                        Defendants.
---------------------------------------------------------------X

_____

**COMPLAINT**
_____

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52944