UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANA MOLINA,

                Plaintiff,

      -against-

EAST MIDTOWN LAUNDRY & CLEANER INC, et al.,

                Defendants.

------------------------------------------------------------x

No. 17-CV-6680 (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime premium pay, failure to pay minimum wage, misappropriation of tips, and failure to provide certain notices required by the NYLL. (ECF 1). The parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 33). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 32). For the reasons below, the Court approves the settlement as fair and reasonable.

I. **Background**

Plaintiff was employed by Defendants East Midtown Laundry & Cleaner, Inc., 50th Street Laundry & Cleaner, Inc., and Cheng Zuan Shi (collectively "Defendants") to perform services related to the operation of Defendants' laundromat businesses, e.g. washing, folding, and delivery. Complaint ("Compl.") ¶¶ 29-30. Despite working over forty hours a week, Plaintiff

allegedly never received overtime pay. *Id*. ¶ 35. Plaintiff further alleges that Defendants withheld customers' tips from her. *Id*. ¶ 52.

Plaintiff filed her complaint on September 1, 2017. (ECF 1). Although a Clerk's Entry of Default was initially issued following Defendants' failure to timely respond, the parties stipulated to vacating the default and permitting Defendants to respond to the Complaint. (ECF 22). The parties informed the Court on March 18, 2019 that they had reached a settlement in principle, ECF 29, and filed the proposed settlement agreement on April 16, 2019, ECF 33.

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

2

### a. Range of Recovery

The total damages sought by Plaintiff is $29,983.00, which includes the requested liquidated damages and statutory damages.[1] The settlement amount of $20,000 thus represents 67% of Plaintiff's total amount sought. *Cf. Yang v. Sunshine ISA, Inc.*, No. 15-CV-5031 (HBP), 2016 WL 6746763, at *3 (S.D.N.Y. Nov. 14, 2016) (approving settlement of 63.5% of total amount).

### b. Burden and Expense of Trial

Settlement enables the parties to avoid the burden and expense of preparing for trial. Although Defendants produced records, Plaintiff alleges that the records do not accurately reflect the actual hours worked or wages paid. *See* Compl. ¶ 39. As a result, Plaintiff would likely require depositions and additional discovery to support her position, which increases the time and costs of litigation.

### c. Litigation Risks

Because of the need for oral testimony referenced above, Plaintiff would face the risk at trial of the factfinder not crediting her testimony. Although Plaintiff's testimony may be sufficient evidence to find wage violations, Plaintiff's oral testimony would be rebutted by Defendants' records. Settlement thus permits Plaintiff to avoid the risk of obtaining no recovery at trial. *See Gomez v. Bogopa Madison LLC*, No. 17-CV-5006 (RA), 2017 WL 6594226, at *2 (S.D.N.Y. Dec. 21, 2017).

---

[1] It appears that Plaintiff did not include calculation of potential damages for the misappropriation of tips claim. However, that may potentially reflect Plaintiff's recognition that there lacks sufficient evidence for such a claim to prevail at trial in light of the absence of records.

### d. Arm's-Length Negotiation

The parties represent that the settlement was a product of arm's-length negotiations, and there is no evidence to the contrary. (ECF 33 at 4).

### e. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff was terminated from her employment with Defendants prior to the start of this litigation, diminishing potential concern that Plaintiff may have been coerced into the settlement by her employer. *See* Compl. ¶ 43.

### f. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

The attorneys' fee award of one-third of the settlement sum is reasonable and consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). Likewise, the settlement's payment of $580 for out-of-

pocket costs is reasonable.[2] *See Vidal v. Eager Corp.,* No. 16-CV-979 (RRM) (ST), 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (approving payment of filing and mediation fees).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

It is HEREBY ORDERED that the action is dismissed with prejudice and without costs. The Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

Dated: May 1, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

---

[2] Courts have been unclear on whether to include costs as part of the fee award when determining reasonableness. Compare *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 339-41 (S.D.N.Y. 2012) (analyzing fees and costs separately) with *Vidal*, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018) (including filing costs as part of fee award).